UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JIMMY LANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-380 (RBW) |
| | ) | |
| GEORGETOWN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The pro se plaintiff, Jimmy Lance, initiated this civil action against the defendant, Georgetown University, on February 20, 2018.  See Complaint ("Compl.") at 1.[1]  On March 13, 2018, the defendant filed Defendant Georgetown University's Motion for a More Definite Statement ("Def.'s 1st Mot.").  Then, on June 7, 2018, the plaintiff filed a Motion[] to Amend Pleading Age Discrimination in Employment Act and Retaliation, which the Court construes as a motion to supplement his Complaint ("Pl.'s Mot. to Supp."), as well as the Plaintiff's Motion[] to Vacate Default; Verified Answer and Duty to Confer on Nondispositive Motions ("Pl.'s Default Mot."), which seeks entry of a "judgment by default . . . against" the defendant, Pl.'s Default Mot. at 3.  In response, the defendant filed Defendant Georgetown University's Motion to Dismiss or, in the Alternative, for a More Definite Statement ("Def.'s 2d Mot.").  Thereafter, on December 21, 2018, the plaintiff filed his Attachments to Pleading, which the Court construes as

---

[1] Because the plaintiff did not insert page numbers on his Complaint or his other filings in this case, the page numbers cited by the Court when referencing the plaintiff's filings are the automatically-generated page numbers assigned to the plaintiff's filings by the Court's ECF system.

a second motion to supplement his Complaint ("Pl.'s 2d Mot. to Supp.").² Upon consideration of the parties' submissions,³ the Court concludes that it must deny the plaintiff's motion for default, grant the plaintiff's motions to supplement his Complaint, and grant the defendant's motions to the extent that they seek a more definite statement of the plaintiff's claims.

The Court will first address the plaintiff's motion for a default judgment against the defendant. The plaintiff argues that "judgment by default [should] be entered against" the defendant, Pl.'s Default Mot. at 3, because it "failed to answer the Complaint . . . within [twenty-one] days after being served," id. at 2. The plaintiff misunderstands the applicable rules regarding the defendant's time to respond. Although he is correct that Federal Rule of Civil Procedure 12 generally requires a defendant to "serve an answer . . . within [twenty-one] days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i), if a defendant serves a motion under Rule 12 during that period, the "motion . . . suspends the movant's time to respond [to the complaint] until [at least fourteen] days after the [C]ourt's disposition of the motion," Kangethe v. D.C. Dep't of Emp't Servs., 891 F. Supp. 2d 69, 71 (D.D.C. 2012); see Fed. R. Civ. P. 12(a)(4). Here, the defendant served its motion for a more definite statement pursuant to Rule 12(e) on March 13, 2018, see Def.'s Mot. for More Definite Statement at 1, which was within twenty-one days after being served with the plaintiff's Complaint on February 23, 2018, see Dkt. Entry No. 2.⁴ Thus, the defendant's motion

---

² The plaintiff also filed a "request[] that the DEFENDANT produce [various] documents and things." Nonfiling of Discovery Materials Filing of Discovery Materials with Motions at 2. Because the Court finds that the plaintiff must file a more definite statement of his claims, the Court will deny the plaintiff's request for discovery as premature.

³ In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Memorandum of Points and Authorities in Support of Defendant Georgetown University's Motion to Dismiss or, in the Alternative, for a More Definite Statement ("Def.'s Mem."), and (2) Defendant Georgetown University's Response to Plaintiff Jimmy Lance's Nonfiling of Discovery Materials Filing of Discovery with Motion.

⁴ Although the defendant asserts that it was not properly served by the plaintiff, it has "proceeded as if it has been
(continued . . .)

suspended the time for the defendant to file its answer to the plaintiff's Complaint, and, because the Court has not yet ruled on that motion, the time for the defendant to file its answer remains suspended. Therefore, "the [defendant]'s answer to the [C]omplaint is not yet due, and [ ] the fact that it has not yet filed an answer is not grounds for the Court to enter an entry of default." Kangethe, 891 F. Supp. 2d at 71. Accordingly, the Court will deny the plaintiff's motion for default judgment against the defendant.

The Court next turns to the plaintiff's motion for leave to amend his Complaint and proposed attachments to his pleadings, both of which raise allegations relating only to events occurring after the plaintiff filed his original Complaint. See, e.g., Pl.'s Mot. to Supp. at 2–4 (alleging events that occurred on February 22, April 27 and 28, and May 5, 26, and 30, 2018); Pl.'s 2d Mot. to Supp. at 2–4 (alleging events that occurred on September 17, October 15, and November 19, 2018). Because it is "unclear[] [ ] whether [the] plaintiff intended for . . . [these filings] to supercede or supplement [his] original pleading[,] [t]he Court . . . assumes that [the] plaintiff did not abandon claims raised in [his] original [C]omplaint" and "construes [these filings] broadly" as motions for leave to supplement the plaintiff's original Complaint pursuant to Federal Rule of Civil Procedure 15(d). Bradley v. Smith, 235 F.R.D. 125, 127 (D.D.C. 2006).

Rule 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). As this Circuit has explained,

> motions for supplemental pleadings . . . are to be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the

---

( . . . continued)
properly served," Def.'s Mem. at 4 n.1, and it has raised no objection to the Clerk of the Court's conclusion that it was served on February 23, 2018, see Dkt. Entry No. 2. Therefore, the Court accepts the Clerk of the Court's conclusion that the defendant was served on February 23, 2018.

>parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.

Hall v. CIA, 437 F.3d 94, 101 (D.C. Cir. 2006).  Although it is not clear what, if any, relationship exists between the allegations in the plaintiff's supplemental pleadings and the allegations in his original Complaint, the supplemental allegations appear to at least relate to grievances that the plaintiff has against the defendant and involve some of the same persons referred to in the original Complaint.  Compare Compl. at 2 (alleging "interference claims" against "Mr. Getu Woldemariam" and "invasion of privacy claims" against "Ms. Dianna Smith"); with Pl.'s Mot. to Supp. at 4 (alleging that "Dianne Smith" was "taking [his] leave"); and Pl.'s 2d Mot. to Supp., Exhibit ("Ex.") 1 at 2 (EEOC charge of discrimination asserting that the plaintiff "ha[s] been subjected to a hostile work environment and different terms and conditions by [his] manager, Mr. Getu").  The Court therefore finds that granting the plaintiff leave to supplement his Complaint with these filings ultimately "will promote the economic and speedy disposition of the entire controversy between the parties."  Hall, 437 F.3d at 101; see Fund for Animals v. Hall, 246 F.R.D. 53, 55 (D.D.C. 2007) (granting the plaintiff leave to supplement its complaint in part because doing so would serve the "interests of judicial economy and convenience . . . [by] averting a separate, redundant lawsuit").  Additionally, given that the defendant has not objected to permitting the plaintiff to file at least his first supplemental pleading, see generally Def.'s Mot. to Dismiss (proceeding as if the Court had accepted the plaintiff's proposed amended complaint as filed), and because this case is still in its early stages, the Court finds that permitting the plaintiff to supplement his Complaint "will not cause undue delay or trial inconvenience[] . . . [or] prejudice the rights of" the defendant, Hall, 437 F.3d at 101.  Thus, the Court will grant the plaintiff leave to supplement his Complaint with these filings.

Finally, the Court turns to the defendant's motions, which seek a more definite statement of the plaintiff's original Complaint, see Def.'s 1st Mot. at 1, as well as dismissal, or alternatively, a more definite statement of the plaintiff's first supplement to his Complaint, see Def.'s 2d Mot. at 1.  Under Federal Rule of Civil Procedure 12(e), a defendant may move for a more definite statement if "a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  A motion for a more definite statement is properly granted "when a defendant is unclear about the meaning of a particular allegation in the complaint."  Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003).  However, "the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail." Thorp v. District of Columbia, 309 F.R.D. 88, 90 (D.D.C. 2015) (quoting Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp. 2d 86, 110 (D.D.C. 2003)).

The plaintiff's Complaint and supplemental pleadings are nearly impossible to decipher in several respects.  First, although the plaintiff's original Complaint is titled "Age Discrimination in Employment Act and Retaliation," Compl. at 1, it is unclear from his filings whether he intends to bring claims for age discrimination only or whether he also seeks to bring claims for other types of employment discrimination, and, if the latter, what other types of employment discrimination he intends to pursue.  See, e.g., Compl. at 1 (also purporting to "bring[] his action [ ] pursuant to Title VII" but not alleging membership in a protected class); Pl.'s 2d Mot. to Supp., Ex. 1 at 2 (attaching an EEOC charge of discrimination based on a "hostile work environment").  Second, the plaintiff does not clearly identify the factual basis for his alleged employment discrimination and retaliation claims, but merely alleges a series of seemingly disparate events with no indication of which events he believes constitute discrimination or retaliation.  See Compl. at 2–3 (alleging (1) "interference" arising out of his

allegation that a "Georgetown [e]mployee [ ] called [Academy Bus] trying to block [the plaintiff's] hiring [there]"; (2) "assault" arising out of various incidents at a "CVS," "U-Store," and "the break room"; and (3) an "invasion of privacy" arising out of the plaintiff's allegation that "Dianna Smith[] . . . set up a call from a person on [his] phone to engage in sexual contact" and "then[] used [a] photo of this activity to circulate on campus").[5]  Third, it is unclear whether the plaintiff intends to bring independent tort claims based on these events, or whether the events are alleged only to establish his employment discrimination and retaliation claims.  See id. at 4–5 (reciting the "legal standards" for the "employment torts" of "intentional interference with employment contracts," "assault and battery," and "invasion of privacy").  Fourth, it is unclear whether the plaintiff intends to bring claims under any of the other statutes cited in his original Complaint.  See, e.g., id. at 5 (asserting that "[t]he [d]efendant has violate[d] the Equal Pay Act of 1963"); id. at 4 (citing the National Labor Relations Act and the Fair Labor Standards Act").  Fifth, many of the plaintiff's other allegations are entirely devoid of context and, thus, unintelligible.  See, e.g., id. at 5 (alleging that he "was ask[ed] to sign[] a performance rating and dated, without receiving a copy"); Pl.'s Mot. to Supp. at 2 (alleging that "a minister [from the plaintiff's father's church] asked [his] father, did he talk with Dianne, and what did she say[]?," that his "father said, 'he did, and she told him to put [him] out,'" and "[t]he minister said, 'if you start any trouble with your son, he will report[] Dianne Smith to the authority'").

---

[5] Although the exhibits attached to the plaintiff's Complaint suggest that the plaintiff's age discrimination claim may be based on his "interference" claims, see Compl. at 23 (EEOC charge of age discrimination alleging that his "employer has interfered with three prospective opportunities for [his] employment with other employers"), and that his retaliation claim may be based on the alleged assault against him at a CVS pharmacy, see id. at 24 (EEOC charge of retaliation alleging that "Ms. Smith is responsible" for the "man [who] followed [him] into a CVS store and threatened to punch [him] in [his] face"), they also introduce additional allegations not included in the Complaint, see, e.g., id. at 23 (suggesting that the plaintiff's age discrimination claim is also based on the plaintiff being "tasked to fuel vehicles" even though "[his] job title is Bus Driver II"); id. at 24 (suggesting that the plaintiff's retaliation claim is also based on "Mr. Getu [ ] t[elling the plaintiff] that he would recommend that Ms. Smith terminate [him]").  Thus, these exhibits add to the confusion surrounding the nature of the plaintiff's claims and provide further support for the Court's conclusion that a more definite statement is required.

The problems identified above are precisely the types of issues that a more definite statement is designed to remedy, see Fed. R. Civ. P. 12(e) (permitting a defendant to move for a more definite statement when "a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response"), and the Court "will not speculate as to the plaintiff's intended claims," Hilska, 217 F.R.D. at 25.  Moreover, because a more definite statement is warranted, the Court does not find it appropriate to consider the defendant's motion to dismiss the plaintiff's Complaint at this time.  See id. at 21 ("[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement."); see Mitchell v. CVS Pharmacy, No. CIV.A. 12-1801 JEB, 2013 WL 979450, at *1 (D.D.C. Mar. 13, 2013) (granting the defendant's motion for a more definite statement and denying "as premature" its motion to dismiss the plaintiff's complaint where "a clearer articulation [of the plaintiff's complaint] was warranted").  Accordingly, it is hereby

**ORDERED** that Defendant Georgetown University's Motion for a More Definite Statement, ECF No. 4, is **GRANTED**.  It is further

**ORDERED** that the plaintiff's Motion[] to Amend Pleading Age Discrimination in Employment Act and Retaliation, ECF No. 5, and the plaintiff's request to supplement his pleading raised via his Attachments to Pleading, ECF No. 14, are **GRANTED**.  It is further

**ORDERED** that the Plaintiff's Motion[] to Vacate Default; Verified Answer and Duty to Confer on Nondispositive Motions, ECF No. 6, is **DENIED**.  It is further

**ORDERED** that Defendant Georgetown University's Motion to Dismiss or, in the Alternative, for a More Definite Statement, ECF No. 8, is **GRANTED IN PART AND**

**DENIED IN PART**.  The motion is **GRANTED** to the extent that it seeks a more definite statement of the plaintiff's claims and is **DENIED** in all other respects.  It is further

  **ORDERED** that the plaintiff's request for discovery raised in his Nonfiling of Discovery Materials Filing of Discovery Materials with Motions, ECF No. 12, is **DENIED WITHOUT PREJUDICE**.  It is further

  **ORDERED** that on or before **March 27, 2019**, the plaintiff shall file an amended complaint that clearly sets forth his claim or claims for relief and provides both the factual and legal basis for each claim.  It is further

  **ORDERED** that the Clerk of the Court shall mail a copy of this Order to the plaintiff's address on record forthwith.

  **SO ORDERED** this 6th day of March, 2019.

REGGIE B. WALTON
United States District Judge
